UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR VELAZQUEZ RODRIGUEZ,<br><br>    Petitioner,<br><br>        v.<br><br>RICK HILL, Warden,<br><br>    Respondent. | NO. SACV 10-1547-CJC (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On October 13, 2010, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that Petitioner's conviction on direct appeal is still pending.

The court, therefore, orders Petitioner to show cause, on or before **February 27, 2012**, why this court should not recommend dismissal of the petition without prejudice.

# I.

## SUMMARY OF PROCEEDINGS

On December 18, 2007, an Orange County Superior Court jury convicted Petitioner of possession of methamphetamine for sale (Count 1); possession of cocaine for sale (Count 2); possession of a firearm by a felon (Count 5); possession of ammunition by a felon (Count 6); and cultivation of marijuana (Count 7). (Lodged Document ("LD") 1 at 259, 261, 263-65.) On February 1, 2008, the trial court sentenced Petitioner to 11 years, 8 months in prison. (*Id.* at 350.)

On July 29, 2009, the California Court of Appeal affirmed the conviction, but remanded "for the trial court to consider whether to impose consecutive or concurrent sentences on counts one and five and, if it imposes consecutive sentences, to state its reasons for doing so." (LD 9 at 19.)[1]

According to the abstract of judgment filed on February 14, 2008, Petitioner was sentenced to 1 year, 4 months on Count 1; 6 years on Count 2; 1 year 4 months on Count 5; and 3 years on the prior conviction enhancement. (LD 2 at 350.) The consecutive boxes on Counts 1 and 5 were checked. (*Id.*)

More than two years after the remand, on October 3, 2011, the Court of Appeal, in a opinion on a habeas petition, found that the trial court had the discretion to impose consecutive sentences, "as it did here, but must state its reasons for doing so." *In re Rodriguez*, 2011 WL 4538413, *1 (2011). The Court of Appeal noted that Petitioner was "never brought to a resentencing hearing." *Id.* Instead, on October 30, 2009, the trial court issued a *nunc pro tunc* order: "The court makes *nunc pro tunc* entry under count 5 to clarify sentence to read as follows: The crimes and their objectives were predominantly independent of each other. Copy of minute order forwarded to all [a]ttorneys." *Id.* The Court of

---

[1] On October 14, 2009, the California Supreme Court summarily denied review of the Court of Appeal's July 29, 2009 decision. (LD 11.)

1  Appeal found that Petitioner had not had an opportunity to argue that his prison
2  terms should have been concurrent because he was not present at the hearing,
3  and he had planned to appeal "any contrary decision." *Id.* The Court of Appeal
4  granted the petition and ordered counsel to file an appeal and the superior court
5  clerk to accept the filing. *Id.* at 2.

6  On October 17, 2011, a notice of appeal was filed, which is still pending
7  (the latest entry as of January 25, 2012, is dated December 7, 2011). California
8  Appellate Courts online docket in Case No. G045911.

9  On October 13, 2010, Petitioner filed a Petition for Writ of Habeas Corpus
10 by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this court in which
11 he raised three grounds. On December 10, 2010, Respondent filed an answer,
12 admitting timeliness and exhaustion. (Answer at 2.) On January 10, 2011,
13 Petitioner filed a reply.[2]

## II.

## DISCUSSION

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Petitioner's direct appeal remains pending before the California Court of Appeal. Petitioner's habeas petition in this court is premature and subject to dismissal without prejudice. "When, as in the present case, an appeal of a state

---

[2] On November 1, 2011, Petitioner filed an application for bail pending determination of the federal habeas petition. On November 17, 2011, Respondent filed an opposition. On November 22, 2011, Petitioner filed a reply. If the instant petition is dismissed without prejudice, the bail motion would be mooted.

3

criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 1998) (denying authorization to file a subsequent habeas petition because a "final judgment imposing sentence has not been entered in his case").

With limited exceptions, a federal district court should not interfere with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Here, all of the prerequisites to *Younger* abstention have been met. *Younger* involved criminal proceedings. Petitioner's claims involve California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). *Younger* applies to state appellate proceedings as well as to ongoing proceedings in a state trial court. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); *see also Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (affirming the district court's abstention "in the absence of a penalty phase judgment in state court"); *McGill v. Marshall*, 2009 WL 2406361 (C.D. Cal. 2009) (applying abstention when petitioner has a pending petition before the United States Supreme Court on direct appeal of a criminal conviction).

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **February 27, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal without prejudice of the petition.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice.**

DATED:  January 27, 2012

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge